UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Johnson Electric North America, Inc., *et al.*,

              Plaintiffs,

v.

Daimay North America Automotive, Inc.,

              Defendant.

_____/

Case No. 19-cv-13190

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [9]**

Plaintiffs Johnson Electric North America, Inc. ("JENA") and Parlex USA LLC ("Parlex") brought a breach of contract action against Defendant Daimay North America Automotive, Inc., formerly known as Motus Automotive Interiors. (ECF No. 1.) Defendant filed a motion to dismiss Plaintiffs' complaint, arguing that it is not a party to the contracts and cannot be sued. (ECF No. 9.) For the reasons set forth below, Defendant's motion is granted, and the case is dismissed.

**I.    Background**

The facts alleged in the complaint are as follows. On August 16, 2018, Parlex entered into an agreement with a buyer to sell 30,000 unique parts at $3.99 per unit. This agreement is reflected in an order confirmation attached to the complaint.[1] (ECF No. 1-2, PageID.20.) Soon after, the buyer requested that the order be expedited. Parlex charged the buyer $60,000 for expediting, and the buyer agreed to the charge. The parties agreed that shipment of parts on an expedited schedule was to be performed in five waves. Parlex shipped the first wave, and the buyer

---

[1] The Court may consider the contracts themselves where, as here, the dispute is contractual and they are attached to the complaint. Items such as "'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,'" may be considered "without converting the motion to one for summary judgment." *Rondigo LLC v. Twp. of Richmond*, 641 F.3d 673, 680–81 (6th Cir. 2011) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)).

Plaintiffs argue that "Defendant's motion contains no exhibits, no affidavits or declarations, nothing at all in support of this statement [that Plaintiffs 'sued the wrong party']…" (ECF No. 14, PageID.109.) This argument is misplaced. Such exhibits cannot be considered in a Rule 12(b)(6) motion. *Rondigo*, 641 F.3d at 680–81. A motion to dismiss tests the "factual sufficiently of the complaint . . . without resort to matters outside the pleadings." *Id.* at 641 F.3d at 680 (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)).

paid for it. Parlex invoiced the expediting fee soon after, but the buyer did not pay. (*Id*.) Waves two and three were shipped and paid for. Then, Parlex shipped the fourth wave but the buyer did not pay. Parlex withheld wave five and demanded payment on both the unpaid expediting fee and the unpaid wave four shipment. The buyer attempted to renegotiate the expediting fee and acknowledged its responsibility to accept shipment and pay for wave five. Despite this, both invoices remain unpaid and shipment five remains unshipped and unpaid. The total damages from the expediting fee, wave four shipment, and the unshipped fifth wave is at least $120,000.

Parlex is suing Defendant for breach of contract and unjust enrichment. JENA is suing under a third-party theory, where it alleges it has a right to enforce Parlex's contracts. The identity of the buyer, and whether it is Defendant, is the issue before the Court.

## II. Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Although the Court must accept well-pleaded factual allegations of the complaint as true at the motion to dismiss stage, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. Analysis

#### A. Parlex's Breach of Contract Claims

Michigan law applies in this diversity case.[2] *Conner v. Hardee's Food Sys.*, 65 F. App'x 19, 22 (6th Cir. 2003). Under Michigan law, the elements of a breach of contract claim are that: "(1) a contract existed between the parties, (2) the terms of the contract required performance of certain actions, (3) a party breached the contract, and (4) the breach caused the other party injury." *Green Leaf Nursery, Inc. v. Kmart Corp.*, 485 F. Supp.2d 815, 817 (E.D. Mich. 2007) (citing *Burton v. William Beaumont Hosp.*, 373 F. Supp.2d 707, 718 (E.D. Mich. 2005)).

A defendant cannot be sued for breaching a contract it is not a party to. Thus, in order to survive this motion to dismiss, Plaintiffs must show that Defendant was a party to the contracts—in other words, that Defendant had a duty to Plaintiffs to pay for the parts. *See Timmis v. Sulzer Intermedics*, 157 F. Supp. 2d 777, 777 (E.D. Mich 2001) (granting a motion to dismiss a breach of contract claim where the complaint did

---

[2] JENA's terms and conditions in the contracts include an express choice of law clause stating that Michigan law applies to disputes arising from purchases made of a United States-based JENA entity. (ECF No. 1-4, PageID.30.) However, since the Court holds that Defendant is not a party to the contracts, it is not bound by those terms. Defendant argues that Michigan law does not apply to this case but fails to provide support for this argument. (ECF No. 9, PageID.90.)

not "set forth any direct contractual obligations to Plaintiff on the part of Defendants").

Defendant is not named in the purchase orders or confirmations attached to the complaint. (*See* ECF No. 1.) Rather, the exhibits to the complaint show that all the parts at issue were billed to Motus Automotive Interiors at an address in Mexico. All the shipments were to be sent to Motus Automotive Interiors SDE at a Texas address and then shipped across the border. The expedited order indicates that Parlex was to bill Motus Automotive Interiors at an address in Mexico and ship to Motus Automotive Interiors SDE, which is in Texas near the Mexico border. Like the initial purchase order, all the shipments were billed by invoice to "Motus Automotive Interiors" at a Mexican address. (ECF No. 1-7, PageID.41.) The exhibits also show, for example, that Richard Taylor, a representative of Plaintiff JENA, communicated via email with Jennifer Wagner, allegedly an employee of Defendant, and David Correa Trevino—who appears to work from an address in Mexico, and about whom no facts are alleged to establish whether he is an employee of Defendant except that his email domain is "@daimayus.com"—to coordinate the expedited shipment's crossing of the U.S.-Mexico border.

6

(ECF No. 1-6, PageID.36–38.) Plaintiffs do not allege that Defendant has a connection to these addresses in Texas or Mexico in their complaint.

Plaintiffs' allegations in the complaint regarding the role of Defendant are conclusory and are not supported by the exhibits attached to the complaint. Indeed, Defendants argue that it has "no operations in Mexico, whatsoever." (ECF No. 9, PageID.83.) Defendant also states that it is a Michigan corporation with its primary place of business in Michigan. (*Id.*) Defendant also asserts that Daimay Automotive Interior, S de R.L. de C.V., is a separate Mexican company with which it shares a corporate parent, and which was also formerly known as Motus Automotive Interiors. (*Id.*) Rather than refuting these arguments by pointing to plausible facts from either the complaint or its exhibits, Plaintiffs argue in a conclusory manner that Defendant is the buyer. Considering that Defendant operates in Michigan and its principal place of business is in Michigan, and with no allegations otherwise, Plaintiffs have not pled that Defendant is the proper party.

Plaintiffs only allege two ways in which Defendant was potentially involved: First, Jennifer Wagner, allegedly an employee of Defendant, notified Plaintiffs that the buyer accepted the quote for the expedited

7

shipping fee at issue. (ECF No. 1, PageID.5–6; ECF No. 1-7, PageID.41.) Second, she and one other of Defendant's employees were involved in the email exchange with Plaintiffs as they attempted to negotiate resolution to the unpaid invoices. (ECF No. 1-11, PageID.50–60.)

Involvement in the formation and negotiation of a contract is not enough to show that an entity was a party to it. At most, Defendant appears to have been acting as an agent for the buyer. In Michigan, "fundamental to the existence of an agency relationship is the right of the principal to control the conduct of the agent." *Wigfall v. City of Detroit*, 504 Mich. 330, 341 (2019) (citing *Briggs Tax Servs. L.L.C. v Detroit Pub. Schs.*, 485 Mich. 69, 80 (2010)). It appears from the exhibits that Defendant may have been involved in certain communications regarding Plaintiffs' agreement with the buyer. However, there are no allegations that Defendant had any authority independent of the buyer to pay for or authorize the shipment of parts. (*See e.g.* ECF No. 1-11, PageID.50–60 (Defendant's employee writing "I am waiting on my plant in Mexico.")) Acting as an agent, with nothing more, cannot expose an entity to liability for breach of contract, "even [from Plaintiffs whom] the principal owes some performance and for whose benefit the principal has retained

an agent to render it." *Koppers Co. v. Garling & Langlois*, 594 F.2d 1094, 1098 (6th Cir. 1979) (citing 4 A. Corbin, Contracts § 779E (1951)).

Because the complaint does not plausibly "set forth any direct contractual obligations to Plaintiff[s] on the part of Defendant[ ]," Plaintiffs' breach of contract claims against Defendant cannot be sustained. *Timmis*, 157 F. Supp. 2d at 777. Accordingly, Counts I, II, and III are dismissed.

### B. JENA's Third-Party Beneficiary Claim

JENA's claim that Defendant is liable to it as a third-party beneficiary must also be dismissed. The rights of third-party beneficiaries are controlled by Michigan Compiled Laws § 600.1405. The Michigan Supreme Court has interpreted this statute to mean that third-party beneficiaries are offered no greater rights under a contract than they would be if they were the intended promisee. *Shay v. Aldrich*, 487 Mich. 648, 675–76 (2010) (third-party beneficiaries have "only the 'same right' to enforce as they would if the promise had been directly to them").

As set forth above, the complaint and exhibits contain insufficient facts to show that Defendant can be sued by Parlex, so it follows that Defendant cannot be sued by JENA under a third-party beneficiary

theory of liability. *See Koppers*, 394 F.2d at 1098 (affirming summary judgment for third-party beneficiary claim accompanying breach of contract claims after deciding that the defendant was not party to the agreement). Accordingly, Count IV is dismissed.

### C. Unjust Enrichment Claim

In Michigan, the elements of an unjust enrichment claim are: (1) a benefit received by the defendant from the plaintiff, and (2) inequity to the plaintiff as a result. *See Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991). Although it appears that Plaintiffs set forth enough facts to show the latter of these two elements, (ECF No. 1, PageID.15), they fail to adequately plead the first element—that Defendant was enriched as a result of Plaintiffs' harm.

Plaintiffs contend that one way in which Defendant was plausibly enriched was by "receiving and retaining Plaintiffs' products." (ECF No. 1, PageID.15.) Yet, the exhibits demonstrate that the products were shipped across the border to Mexico—not to the Michigan-based Defendant. Count V must also be dismissed because there are insufficient facts showing that Defendant was the recipient of the

shipments and because Count V relies on a theory that Defendant was the recipient of the shipments.[3]

### III. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss. However, Plaintiffs will be permitted to amend their complaint, if they so wish, no later than forty-five (45) days from entry of this opinion and order, which is Friday, May 15, 2020. Otherwise, a judgment will be entered dismissing this case with prejudice.

IT IS SO ORDERED.

Dated: March 31, 2020  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

---

[3] The scenario set forth above is not the only possible basis for an unjust enrichment claim. However, Plaintiffs do not set forth any other basis for this claim in their complaint. The Court has no "duty . . . to conjure up unpleaded facts that might turn a frivolous claim into a substantial one." *McGregor v. Indus. Excess Landfill, Inc.*, 856 F.2d 39, 42 (6th Cir. 1988) (quoting *O'Brien v. DiGrazia*, 544 F.2d 543 (1st Cir.1976)). As pled, the facts are insufficient to show that Defendant was enriched.

11

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2020.

                                                 s/William Barkholz
                                                 WILLIAM BARKHOLZ
                                                 Case Manager