UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Johnson Electric North America,
Inc., *et al.*,

                Plaintiffs,

v.

Daimay North America
Automotive, Inc., *et al.*,

                Defendants.

_____/

Case No. 19-cv-13190

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

**OPINION AND ORDER GRANTING DEFENDANT DAIMAY
NORTH AMERICA'S MOTION TO DISMISS [19]**

Plaintiffs Johnson Electric North America, Inc. ("JENA") and Parlex USA LLC ("Parlex") brought a breach of contract action against Defendant Daimay North America Automotive, Inc. ("Daimay Michigan") (ECF No. 1.) Defendant moved to dismiss, arguing that it was not a party to the contracts at issue and could not be sued for their breach. (ECF No. 9.). The Court granted Defendant's motion but permitted Plaintiffs to amend their complaint. (ECF No. 16.) Plaintiffs filed an amended complaint adding Daimay Automotive Interiors, S. de R.L. de C.V.

("Daimay Mexico") as a defendant and adding claims for promissory estoppel and "alter ego." (ECF No. 17.) Daimay Michigan now moves to dismiss all claims against it. For the reasons set forth below, Defendant Daimay Michigan's motion is granted, and all claims against Daimay Michigan are dismissed.

## I.   Background

In August of 2018, Parlex, a subsidiary of JENA, sold 30,000 unique parts to a Mexico-based buyer, known at the time as Motus Automotive Interiors. Shortly after the initial agreement was reached, the buyer requested that the order be expedited. In exchange for a $60,000 fee, the parties agreed to an expedited shipment schedule. That schedule was split into five waves of deliveries. Parlex shipped the first wave and received timely payment. Soon after, it invoiced the agreed-to expedite charge, but the buyer did not pay. The second and third shipments were delivered and paid for. The fourth shipment was delivered but not paid for. Parlex withheld the fifth shipment, demanding payment on the fourth shipment and the expedite charge. The buyer acknowledged its responsibility to pay for both, but attempted to renegotiate the charges.

To date, neither charge has been paid and the fifth shipment remains undelivered and unpaid for. Total damages amount to at least $120,000.

On October 30, 2019, Parlex and JENA sued Daimay Michigan for breach of contract and unjust enrichment. Daimay Michigan moved to dismiss the complaint, arguing that it was not the proper defendant because it was not a party to the contract. The Court granted the motion to dismiss but permitted Plaintiffs to amend their complaint. (ECF No. 16.)

In their amended complaint, Plaintiffs add Daimay Mexico as a Defendant. However, Plaintiffs also maintain each of their claims against Daimay Michigan and add counts for "alter ego" and promissory estoppel. (ECF No. 17.) Daimay Michigan's motion to dismiss is before the Court.

## II.   Legal Standard

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the Court must accept well-pleaded factual allegations of the complaint as true at the motion to dismiss stage, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### III. Analysis

**A. Parlex's Breach of Contract Claims**

The Court previously dismissed Parlex's breach of contract claims against Daimay Michigan because the complaint did not "plausibly set forth any direct contractual obligations to Plaintiffs on the part of" Daimay Michigan. (ECF No. 16, PageID.148-152.) (*quoting Koppers Co. v. Garling & Langlois*, 594 F.2d 1094, 1098 (6th Cir. 1979)). Because

Parlex renews its breach of contract claims virtually unchanged, they must again be dismissed.

Plaintiffs still rely on the theory that Defendant Daimay Michigan must be the buyer because its employees accepted a quote for the expedited shipping fee and were involved in general negotiations regarding the unpaid invoices. (ECF No. 17, PageID.161-163; ECF No. 21, PageID.283.) The Court previously rejected this argument because nothing in the complaint suggested Daimay Michigan had any authority to act independently of Daimay Mexico (ECF No. 16, PageID.151.). Plaintiffs now try to overcome this in two ways.

First, Plaintiffs add a conclusory allegation asserting that Daimay Michigan did have such independent authority (ECF No. 17, PageID.163.).[1] But no new facts are pleaded in support of this allegation. It is therefore insufficient. To survive a motion to dismiss, Plaintiffs must

---

[1] Plaintiffs also point out that on one of the Purchase Orders, Jennifer Wagner, allegedly an employee of Daimay Michigan, is listed as "responsible." (ECF No. 17, PageID.162.) Without more this is not sufficient to support the allegation that either Jennifer Wagner or Daimay Michigan was authorized by Daimay Mexico to arrange for shipments or sales.

5

do more than merely append the required legal conclusion to their complaint. *Twombly*, 550 U.S. at 555.

Second, Plaintiffs argue that the involvement of Daimay Michigan employees in the transactions at issue establishes a "course of performance" between Parlex and Daimay Michigan. (ECF No. 21, PageID.283.) This argument is also unavailing. To be sure, Courts may look to a course of performance to interpret ambiguous terms in a written contract. *E.g., Radiance Aluminum Fence, Inc., v. Marquis Metal Material, Inc.*, 461 F. Supp. 3d 531, 542 (E.D. Mich. 2020); Mich. Comp. Laws § 440.1303. But, as the Court has already held, Daimay Michigan's part in negotiating the shipment of goods to Daimay Mexico is insufficient to establish that Daimay Michigan had any contractual responsibility for the payment of those shipments.

Accordingly, Counts I-III are dismissed as to Daimay Michigan.

**B. JENA's Third Party Beneficiary Claim**

Because the amended complaint does not set forth sufficient facts to show that Daimay Michigan had contractual obligations to Parlex, JENA's third-party beneficiary claim must also fail. Third-party beneficiaries do not have greater rights to enforce promises than direct

beneficiaries. *Shay v. Aldrich*, 487 Mich. 648, 675-76 (2010) (third-party beneficiaries have the same right to enforce a contract "as they would if the promise had been directly to them.")

Accordingly, Count IV is also dismissed as to Daimay Michigan.

## C. Unjust Enrichment Claim

Plaintiffs renew their unjust enrichment claim against Daimay Michigan. In Michigan, the elements of unjust enrichment are (1) a benefit received by the defendant from the plaintiff, and (2) inequity to the plaintiff as a result. *See Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546 (1991).

The Court previously rejected this claim because although Plaintiffs argued that Daimay Michigan had "received and retained" its shipments, its own pleadings showed that those shipments were in fact delivered to Mexico. (ECF No. 16, PageID.153.) Thus, Plaintiffs could not show that Daimay Michigan had received any benefit. *Id.* The amended complaint does not show otherwise. To the contrary: it explicitly states that all of Plaintiffs' shipments were delivered to "DaimayMex" in Mexico. (ECF No. 17, PageID.163-165.)

7

Plaintiffs assert that Daimay Michigan was nevertheless enriched because it used Plaintiffs' products in its manufacturing process. (ECF No. 17, PageID.173.) This allegation is unsupported by even a single fact in the amended complaint. But it would be insufficient even if better supported. As the Michigan Courts have held repeatedly, "the mere fact that a third person benefits from a contract between two other persons does not make such third person liable in…unjust enrichment." *Karaus v. Bank of New York Mellon*, 300 Mich. App. 9, 23–24 (2012) (quoting *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 193 (2006)). For an unjust enrichment claim to lie against Daimay Michigan, it must have received a benefit *from Plaintiffs. Landstar Express Am., Inc., v. Nexteer Auto. Corp.*, 319 Mich. App. 192, 205 (2017) (quoting *Morris Pumps*, 273 Mich. App. at 193). At most, it has received a benefit from the contract between Plaintiff and Daimay Mexico. That is insufficient. *See Karaus*, 300 Mich. App. at 24 (no unjust enrichment where defendant "merely received the benefit from the contract between plaintiffs and [a third party].")

Accordingly, Count V must also be dismissed.

**D. Alter Ego Claim**

8

Plaintiffs add a claim for "alter ego" to their amended complaint and request that the Court "pierce the corporate veil." Under Michigan law, however, piercing the corporate veil is a remedy, not a separate cause of action. *Thomas v. Khrawesh*, 272 F. Supp. 3d 995, 1000 (E.D. Mich. 2017); *Gallagher v. Persha*, 315 Mich. App. 647, 654 (2016). In addition, "Michigan courts will not pierce the corporate veil unless (1) the corporate entity was a mere instrumentality of another entity or individual; (2) the corporate entity was used to commit a fraud or wrong; and (3) the plaintiff suffered an unjust loss." *EPLET, LLC. v. DTE Pontiac N., LLC*, 984 F.3d 493, 499 (6th Cir. 2021) (*Quoting Servo Kinetics, Inc. v. Tokyo Precision Instruments Co., Ltd.*, 475 F.3d 783, 798 (6th Cir. 2007)).

In support of their "alter ego" cause of action Plaintiffs provide nothing more than a formulaic recitation of these three elements. (ECF No. 17, PageID.174.) Because there is no separate "alter ego" cause of action in Michigan and because Plaintiffs have not alleged any facts to establish the relevance or applicability of corporate veil-piercing as a remedy, Count VI is dismissed.

### E. Promissory Estoppel Claim

Plaintiffs add a promissory estoppel claim against Daimay Michigan. To state a claim for promissory estoppel, Plaintiffs must establish "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Klein v. HP Pelzer Auto. Sys., Inc.*, 306 Mich. App. 67 (2014) (citing *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich. App. 675, 686-687 (1999)). Only a "clear and definite" promise can give rise to a promissory estoppel claim. *State Bank of Standish v. Curry*, 442 Mich. 76, 83 (1993).

Plaintiffs assert without argument that the amended complaint "adequately set[s]…forth" these elements. (ECF No. 21, PageID.286.) It does not. Far from identifying a "clear and definite" promise, Plaintiffs do not identify *any* promise. Instead, they allege vaguely that Defendants "made Promises to Plaintiffs," which induced reliance. (ECF No. 17, PageID.177.) In support of that claim, Plaintiffs reference e-mails they received from Jennifer Wagner, allegedly an employee of Daimay

Michigan. (ECF No. 17-11; ECF No. 17-6.) Wagner, however, makes no representations about what Daimay Michigan will or will not do, and she does not identify herself as an employee of Daimay Michigan. *Id.* Because nothing in Plaintiffs' pleadings or exhibits approximates the required "clear and definite" promise, Count VIII must also be dismissed.

## IV. Claims Against Daimay Mexico

Plaintiffs have also added claims for breach of contract and unjust enrichment against Daimay Mexico. Although Plaintiffs' first amended complaint was filed on May 15, 2020 and a summons was issued on May 18, 2020, no proof of service has yet been filed. The 90-day time limit for service in Rule 4(m) does not apply to the service of a corporate defendant in a foreign country. *See* Fed. R. Civ. P. 4(m). Nevertheless, "the amount of time allowed for foreign service is not unlimited." *Alam v. Al Jazeera English*, No. 21-10389, 2021 WL 2471475 at *3 (E.D. Mich., June 17, 2021) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)). Plaintiffs must demonstrate "reasonable diligence in attempting service" to avoid a without-prejudice dismissal under rule 4(f). *Id.* (citing *Lozano v. Bosdet*, 693 F.3d 485, 488-89 (5th Cir. 2012)). Dismissal with prejudice is appropriate where a plaintiff fails to

11

prosecute its case entirely. *E.g. Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736-38 (6th Cir. 2008).

It has been well over a year since Plaintiffs first added Daimay Mexico as a defendant in their complaint. Plaintiffs are therefore ordered to show cause why their claims against Daimay Mexico should not be dismissed for failure to prosecute.

## V. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss. Plaintiffs are ordered to SHOW CAUSE why their complaint against Daimay Mexico should not be dismissed for failure to prosecute. A response is due 21 days from the issuance of this order. Failure to timely respond to this order will result in dismissal with prejudice of Plaintiffs' remaining claims.

IT IS SO ORDERED.

Dated: September 21, 2021      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 21, 2021.

             s/William Barkholz
             WILLIAM BARKHOLZ
             Case Manager